IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Kenneth Simpson,                                    Case No. 4:14 CV 55

                Petitioner,          MEMORANDUM OPINION
                                                    AND ORDER
     -vs-
                                                    JUDGE JACK ZOUHARY
Warden Coakley, et al.,

                Respondents.

## INTRODUCTION

*Pro se* Petitioner Kenneth Simpson filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner is in federal custody at FCI-Elkton. In February 2011, Petitioner pled guilty in the U.S. District Court for the Eastern District of Missouri to receipt of child pornography and was sentenced to sixty months in prison. At FCI-Elkton, he was permitted to participate in a residential drug and alcohol treatment program ("RDAP"), which, if completed, could have reduced the amount of time he spent in prison. Petitioner alleges he was unfairly removed from RDAP for refusing to accept responsibility for his crime and apologize to his victims. He seeks reassignment to RDAP, and removal of a negative evaluation from his record. For the reasons set forth below, the Petition is denied.

Petitioner filed an Application to Proceed *In Forma Pauperis* (Doc. 2), which is granted.

## BACKGROUND

After pleading guilty in February 2011, the Eighth Circuit summarily affirmed his conviction and sentence. *United States v. Simpson*, 2011 WL 4716331 (8th Cir. 2011). He next filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his guilty plea, the effectiveness of his trial counsel, and the district court's jurisdiction to consider the case. *See United States v. Simpson*, 2013 WL 1490462, at *2 (E.D. Mo. 2013).

His Section 2255 Motion was still pending in the district court when Petitioner was placed in an RDAP in March 2013 (Doc. 1-1 at 11). He informed RDAP staff he would fully participate in the program as long as the activity would not jeopardize his then-pending Section 2255 Motion (*id.*). His drug treatment specialist developed a treatment plan which, in part, required Petitioner to write a letter of apology to his victims (*id.*). Petitioner objected to the letter requirement on two grounds. First, he claimed the letter could be construed as an admission of guilt (*id.*). The treatment specialist was not swayed by this argument because Petitioner's guilty plea already was an admission of guilt (*id.* at 13). Second, Petitioner argued the offense for which he was convicted had no victim (*id.* at 11). He reasoned only those individuals who make, sell, or purchase child pornography actually commit a crime and victimize a child (*id.* at 21–22). He claimed he merely viewed the pornographic videos and therefore caused no harm to the children depicted in them (*id.* at 22). His treatment specialist rejected this argument as well, stating Petitioner lacked empathy for the children (*id.* at 16). As a result, the treatment specialist would not remove or alter the letter-writing assignment.

Petitioner attempted to submit the letter with modifications. First he submitted a letter to his mother apologizing for the stress his trial caused her and acknowledging this stress may have contributed to her death (*id.* at 11). The treatment specialist refused to accept the letter as fulfillment

2

of the assignment (*id.*). Petitioner wrote a second letter in which he attempted to explain why his offense had no victim, but his treatment specialist rejected that letter as well (*id.*). He wrote a third letter which expressed sympathy for victims of violent crimes in general (*id.* at 11–12). The treatment specialist also rejected this letter because it did not express remorse for the victims of Petitioner's crimes (*id.* at 12).

Petitioner met with his treatment team for his review after his second attempt at the letter (*id.*). They informed him he was expected to complete the assignment, regardless of his misgivings (*id.*). Despite this disagreement, Petitioner contends he received positive reviews for his participation in other parts of the program (*id.*).

When Petitioner had not completed the assignment by his next review, his treatment team issued two RDAP warnings and removed him from the program with no opportunity to cure (*id.*). He claims inmates removed from RDAP are reduced to maintenance pay, are denied furloughs or transfers, and are less favorably considered for placement in community-based corrections programs (*id.* at 18). He indicates his case manager informed him she does not plan to recommend him for placement in a halfway house (*id.*).

Petitioner asserts only one ground for relief in his Petition. He claims RDAP staff improperly interfered with his pending court case and expelled him from RDAP (Doc. 1 at 3). In the memorandum attached to his Petition, he claims the prison employees interfered with his right to contest his conviction and acted arbitrarily and capriciously by expelling him from RDAP when other inmates were permitted to modify their letters from the terms of the assignment (Doc. 1-1 at 16). He also claims his removal violated Bureau of Prisons ("BOP") Program Statement 5330.11, which indicates participants should be given one formal warning before being removed from the program

3

(*id.* at 17). This Court liberally construes these statements as an attempt to assert a claim for denial of due process.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held in violation of the Constitution or laws or treaties of the United States." *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (internal quotation marks omitted). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987). *See also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under Section 2243).

## DISCUSSION

The Violent Crime Control and Law Enforcement Act of 1994 requires federal prisons to make substance addiction or abuse treatment programs available for each prisoner the BOP deems treatable. The statute provides prisoners two incentives for successfully completing RDAP. First, the BOP has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. § 3621(e)(2)(A). Second, the BOP may reduce the length of incarceration for prisoners convicted of nonviolent offenses, by not more than one year, from the term the prisoner must otherwise serve. *See* 18 U.S.C.

4

§ 3621(e)(2)(B). The BOP exercises discretion whether to grant RDAP graduates early release or modified conditions of confinement. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Therefore, even when a prisoner successfully completes the RDAP, the BOP retains the discretion to deny early release. *See Orr v. Hawk*, 156 F.3d 651, 653–54 (6th Cir. 1998).

Petitioner asserts he was removed from RDAP without due process. "The Due Process Clause has a procedural component and a substantive one." *Howard v. Grinage*, 82 F.3d 1343, 1350 (6th Cir. 1996). "The two components are distinct from each other because each has different objectives, and each imposes different constitutional limitations on government power." *Id.*

"A procedural due process limitation, unlike its substantive counterpart, does not require the government to refrain from making a choice to infringe upon a person's life, liberty, or property interest." *Id.* "It simply requires the government to provide 'due process' before making such a decision." *Id.* Procedural due process claims do not consider the egregiousness of the deprivation itself, but only question whether the process accorded prior to or after the deprivation was constitutionally sufficient. *Id.* To state a claim for denial of procedural due process, Petitioner must first demonstrate he had a protected liberty or property interest in participating in RDAP. If he meets this threshold determination, the focus of the inquiry shifts to the process provided to Petitioner before or after the deprivation occurred.

On the other hand, substantive due process serves the goal of preventing abuses of governmental power for purposes of oppression, regardless of the procedures used. *See Daniels v. Williams*, 474 U.S. 327, 331 (1986). "[I]t [serves] as a check on legislation [that may infringe] on fundamental rights otherwise not explicitly protected by the Bill of Rights; or as a check on official misconduct that infringes on a 'fundamental right;' or as a limitation on official misconduct," which

5

although not infringing on a fundamental right, is so "shocking to the conscience," as to rise to the level of a constitutional violation. *Howard*, 82 F.3d at 1349. "The interests protected by substantive due process are much narrower than those protected by procedural due process." *Hussein v. City of Perrysburg,* 617 F.3d 828, 832–33 (6th Cir. 2010). Arbitrary and capricious state action amounts to a violation of substantive due process only if it infringes on certain interests that the Supreme Court has found so rooted in the traditions and conscience of our people as to be fundamental, or if it is so egregious that it "shocks the conscience." *Bell v. Ohio State Univ.*, 351 F.3d 240, 250 (6th Cir. 2003).

Petitioner's removal from RDAP did not deprive him of procedural or substantive due process. A prisoner has no liberty interest in discretionary release from prison prior the expiration of his or her sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Nor does a prisoner have a liberty or property interest in participating in a prison rehabilitation program. *See Moody v. Daggett*, 429 U.S. 78, 88 (1976). The Violent Crime Control and Law Enforcement Act requires the BOP to provide a residential drug abuse treatment program, but it does not define the contours of that program or requirements for prisoner eligibility. The statute leaves these decisions to the BOP's discretion. As a result of this broad discretion, prisoners have no protected liberty or property interest in participating in an RDAP, and are not denied due process if they are removed from the program. *See Denton v. Zych*, 2010 WL 742606, at *3–4 (E.D. Mich. 2010) (holding expulsion of prisoner from RDAP due to repeated misconduct offenses did not deprive prisoner of a protected liberty interest); *see also Ayala v. Phillips*, 2008 WL 450478, at *3 (N.D. W.Va. 2009) (noting a decision to remove prisoner from RDAP "falls squarely within the BOP's discretion and is not subject to judicial review"). Absent a protected liberty or property interest, there can be no denial of procedural due process under the Fifth Amendment.

Petitioner also was not denied substantive due process. Although he alleges the decision to remove him from the program was arbitrary and capricious, this action would only deprive him substantive due process if participation in the program implicated a fundamental right or if the government's action shocked the conscience. RDAP participation is not "so rooted in the traditions and conscience of our people as to be fundamental." *Hussein*, 617 F.3d at 832–33. Furthermore, Petitioner was removed from the program after he repeatedly refused to take part in one of the required assignments; namely, accepting responsibility for his crime and expressing remorse for the harm it caused to the children in the videos. While he contends the decisions of the treatment staff were incorrect, and contradicted RDAP curriculum, those actions are not so abhorrent as to shock the conscience.

## CONCLUSION

For the forgoing reasons, the Petition (Doc. 1) is denied, and this action is dismissed pursuant to 28 U.S.C. § 2243. In light of this Order, Petitioner's Motion to Expedite (Doc. 5) is denied as moot. Further, under Section 1915(a)(3), this Court certifies an appeal could not be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 23, 2014